1  ANDRÉ BIROTTE JR.
   United States Attorney
2  SANDRA R. BROWN
   Assistant United States Attorney
3  Chief, Tax Division
   PAUL H. ROCHMES (SBN 077928)
4  Assistant United States Attorney
       Federal Building, Suite 7211
5      300 North Los Angeles Street
       Los Angeles, California 90012
6      Telephone: (213) 894-2413
       Facsimile: (213) 894-0115
7      E-mail: paul.rochmes@usdoj.gov

8  Attorneys for United States of America

9

10              UNITED STATES DISTRICT COURT

11             CENTRAL DISTRICT OF CALIFORNIA

12                                    SACV12 - 746 JST (RNBx)

13 UNITED STATES OF AMERICA,        ) Case No. CV 12-____
                                    )
14              Petitioner,         ) PETITION TO ENFORCE INTERNAL
                                    ) REVENUE SERVICE SUMMONS;
15      vs.                         ) MEMORANDUM OF POINTS AND
                                    ) AUTHORITIES; SUPPORTING
16                                  ) DECLARATION OF JUDITH E.
   TOMMY S. RUBIN,                  ) HUBBARD
                                    )
17              Respondent.         ) [Certain Personal Identifiers
                                    ) Redacted From Attached Exhibits
18 _____) Per Local Civil Rule 79-5.4]

19

20                       PETITION

21      Petitioner alleges and petitions as follows:

22      1. This proceeding to judicially enforce Internal Revenue

23 Service summons is brought pursuant to Sections 7402(b) and

24 7604(a) of the Internal Revenue Code, 26 U.S.C.  A true and

25 accurate copy of the subject summons (the "Summons"), with the

26 respondent's home address redacted, is attached hereto as Exhibit

27 1 (page 1) to the supporting declaration of Internal Revenue

28 Service Revenue Officer Judith E. Hubbard.

                            -1-

2. Respondent, TOMMY S. RUBIN ("RUBIN"), resides in the federal judicial district of the Central District of California.

3. The Internal Revenue Service is, and at all relevant times was, conducting an investigation into the collection of the federal tax liabilities of RUBIN for the tax years ending December 31, 2004, December 31, 2005, December 31, 2006 and December 31, 2007, inclusive (collectively, the "Subject Tax Periods").

4. In connection with the investigation, on July 20, 2011, Revenue Officer Hubbard issued the Summons, directing RUBIN to appear on November 29, 2011 before the Internal Revenue Service to give testimony and produce certain documents, records, and other information as described in the Summons.

5. On October 27, 2011, the Summons was issued and served in accordance with law on RUBIN in the manner described in the certificate of service and the attached declaration of Revenue Officer Hubbard. A true and correct copy of the certificate of service for the Summons is attached at page 2 of Exhibit 1 to the Hubbard declaration.

6. RUBIN failed to appear before the IRS on November 29, 2011, as required by the Summons.

7. On February 16, 2012, the Office of Chief Counsel of the Internal Revenue Service mailed RUBIN a "last chance" letter at RUBIN's last and usual place of abode, directing RUBIN to appear before the Internal Revenue Service on March 6, 2012, to produce the books, records, and other documents specified in the Summons. A copy of the "last chance" letter, with RUBIN's home address redacted, is attached to the Hubbard declaration as Exhibit 2.

-2-

8.  RUBIN failed to appear before the Internal Revenue Service on March 6, 2012 in response to the Summons and has failed to produce the requested records and testimony.  Such failure has continued to the date of this petition.

9.  Petitioner does not possess or control the books, records, papers and other data sought by the summons for the Subject Tax Years.

10.  The Internal Revenue Service has followed all of the procedural steps required by law in connection with the issuance and service of the Summons.

11.  It is necessary to obtain the testimony, records, and other data sought by the Summons so that the Internal Revenue Service can properly pursue and complete its investigation.

12.  No Justice Department referral, as described in Section 7602(d) of the Internal Revenue Code, 26 U.S.C., is in effect with respect to RUBIN.

WHEREFORE, petitioner prays for the enforcement of the subject summons as follows:

A.  That respondent, TOMMY S. RUBIN, be ordered to appear and show cause before this Court why she should not be compelled to give testimony and produce the records and documents as required by the subject summons;

B.  That respondent, TOMMY S. RUBIN, be ordered by this Court to appear before an authorized representative of the Internal Revenue Service, at a time and place to be determined by the Internal Revenue Service, to give the testimony and produce the records and documents requested in the Summons for examination and copying; and

1    C.    That the Court grant the petitioner, UNITED STATES OF

2  AMERICA, its costs in this proceeding and such other and further

3  relief as may be just and proper.

4                              Respectfully submitted,

5                              ANDRÉ BIROTTE JR.
                               United States Attorney
6
                               SANDRA R. BROWN
7                              Assistant United States Attorney
                               Chief, Tax Division
8

9
DATED: March 9, 2012           _____
10                             PAUL H. ROCHMES
                               Assistant United States Attorney
11                             Attorney for United States of America

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                              -4-

## MEMORANDUM OF POINTS AND AUTHORITIES

Section 7602(a) of the Internal Revenue Code of 1986, 26 U.S.C., grants the Internal Revenue Service the power to summons books and records and to take testimony of any individual for the purpose of ascertaining the correctness of a tax return, to determine a taxpayer's tax liability, and to collect a taxpayer's tax liability, as follows:

> For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary is authorized-
>
> (1)  To examine any books, papers, records, or other data which may be relevant or material to such inquiry;
>
> (2)  To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary may deem proper, to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data,

-1-

1                  and to give such testimony, under oath, as

2                  may be relevant or material to such inquiry;

3                  and

4      (3)   To take such testimony of the person

5                  concerned, under oath, as may be relevant or

6                  material to such inquiry.

7 See  Crystal v. United States, 172 F.3d 1141, 1143-1144 (9th Cir.

8 1999); United States v. Derr, 968 F.2d 943, 945 (9th Cir. 1992).

9      Sections 7402(b) and 7604 of the Internal Revenue Code, 26

10 U.S.C., grant authority to United States district courts to issue

11 orders compelling, through their powers of contempt, compliance

12 with IRS summons.  See also United States v. Gilleran, 992 F.2d

13 232, 233 (9th Cir. 1993).  An IRS summons is issued

14 administratively, "but its enforcement is only by federal court

15 authority in an 'adversary proceeding' affording the opportunity

16 for challenge and 'complete protection to the witness.'"

17 United States v. Church of Scientology of Cal., 520 F.2d 818, 821

18 (9th Cir. 1975), quoting, Donaldson v. United States, 400 U.S.

19 517, 525, 91 S. Ct. 534, 539 (1971).  See also Gilleran, 992 F.2d

20 at 233.

21      Because the enforcement of an IRS summons invokes the

22 process of the court, the court will not enforce a summons if it

23 would constitute an abuse of process.  United States v. Powell,

24 379 U.S. 48, 58, 85 S. Ct. 248, 255 (1964).  Such an abuse would

25 occur if the summons was issued for an improper purpose, for

26 example, to harass the taxpayer.  Powell, 379 U.S. at 58, 85 S.

27 Ct. at 255; United States v. Stuart, 489 U.S. 353, 360, 109 S.

28 Ct. 1183, 1188 (1989).  Accordingly, to obtain enforcement of an

-2-

1  IRS summons, the government is required to make a <u>prima facie</u>
2  case for enforcement of the summons.  <u>Powell</u>, 379 U.S. at 57-58,
3  85 S. Ct. at 254-55; <u>Gilleran</u>, 992 F.2d at 233.

4       In order to establish a <u>prima facie</u> case for enforcement of
5  an IRS summons, the government need only make a "minimal" showing
6  that (1) the investigation will be conducted pursuant to a
7  legitimate purpose; (2) the inquiry may be relevant to the
8  purpose; (3) the information sought is not already within the
9  IRS's possession; and (4) the administrative steps required by
10 the Internal Revenue Code have been followed.  <u>Crystal</u>, 172 F.3d
11 at 1144, <u>citing</u>, <u>Powell</u>, 379 U.S. at 57-58, 85 S. Ct. at 255;
12 <u>United States v. Jose</u>, 131 F.3d 1325, 1327 (9th Cir. 1997);
13 <u>Fortney v. United States</u>, 59 F.2d 117, 119-20 (9th Cir. 1995).
14 The government's "burden is minimal 'because the statute must be
15 read broadly in order to ensure that the enforcement powers of
16 the IRS are not unduly restricted.'"  <u>Crystal</u>, 172 F.3d at 1144,
17 <u>quoting</u>, <u>Liberty Fin. Servs. v. United States</u>, 778 F.2d 1390,
18 1392 (9th Cir. 1985).

19      Normally, the government makes the "good faith" showing of
20 materiality and relevancy required by <u>Powell</u> in the petition to
21 enforce the summons and the accompanying declaration of the
22 issuing IRS agent.  <u>Crystal</u>, 172 F.3d at 1144, <u>quoting</u>, <u>United</u>
23 <u>States v. Dynavac, Inc.</u>, 6 F.3d 1407, 1414 (9th Cir. 1993);
24 <u>Gilleran</u>, 992 F.2d at 233.

25      As to the required showing of relevance, the Supreme Court
26 stated in <u>United States v. Arthur Young & Co.</u>, 465 U.S. 805, 814,
27 104 S. Ct. 1 495, 1501 (1984) (emphasis in original):

28      As the language of § 7602 clearly indicates an IRS

1  summons is not to be judged by the relevance standards

2  used in deciding whether to admit evidence in federal

3  court.  Cf. Fed. Rule Evid. 401.  The language "may be"

4  reflects Congress' express intention to allow the IRS

5  to obtain items of even potential relevance to an

6  ongoing investigation without reference to its

7  admissibility.  The purpose of Congress is obvious: the

8  Service can hardly be expected to know whether such

9  data will in fact be relevant until it is procured and

10  scrutinized.  As a tool of discovery, the § 7602

11  summons is critical to the investigation and

12  enforcement functions of the IRS, see United States v.

13  Powell, 379 U.S. 48, 57 (1964); the Service therefore

14  should not be required to establish that the documents

15  it seeks are actually relevant in any technical,

16  evidentiary sense.

17  Accordingly, all that needs to be shown is that the summoned

18  documents might shed light on the tax liabilities under

19  examination.  See United States v. Ryan, 455 F.2d 728, 733 (9th

20  Cir. 1972).

21  "Once the Government has established its prima facie case,

22  the district court issues an order requiring the party on whom

23  the summons has been served to show cause, at an enforcement

24  hearing, why compliance with the summons should not be required."

25  United States v. Samuels, Kramer & Co., 712 F.2d 1342, 1345

26  (9th Cir. 1983); accord, Gilleran, 992 F.2d at 233.  The burden

27  of proof is shifted to the person challenging the summons to

28  "refute the Government's Powell showing of good faith to oppose

-4-

1   successfully the enforcement of an IRS summons." Samuels, Kramer

2   & Co., 712 F.2d at 1346; see also Crystal, 172 F.3d at 1144.

3   "The taxpayer [or summoned party] may challenge and attempt to

4   rebut the prima facie case of good faith the government has

5   established or attempt to show that enforcement of the summons

6   would otherwise constitute an abuse of process." Gilleran, 992

7   F.2d at 233; see also Crystal, 172 F.2d at 1144.  "The taxpayer

8   [or summoned party], however, carries a heavy burden of

9   convincing the district court to deny enforcement." United

10  States v. Stuckey, 646 F.2d 1369, 1372 (9th Cir. 1981); accord,

11  Crystal, 172 F.3d at 1144.

12      "'[S]ummons enforcement proceedings should be summary in

13  nature and discovery should be limited.'" Derr, 968 F.2d at 945,

14  quoting, United States v. Stuart, 489 U.S. 353, 369, 109 S. Ct.

15  1183, 1193 (1989), quoting, S. Rep. No. 97-494, 97th Cong. 2d

16  Sess., vol. 1, 285 (1982); see also Church of Scientology of

17  Cal., 520 F.2d at 821.  In Donaldson, 400 U.S. at 527-29, 91 S.

18  Ct. at 541, the Supreme Court noted that the Federal Rules of

19  Civil Procedure (Rule 81(a)(3)) allow the Court to limit the

20  application of the federal rules in summons enforcement

21  proceedings and, in keeping with the summary nature of these

22  proceedings, the show-cause order is an appropriate tool to place

23  the burden of proof on the summoned party after the government's

24  prima facie case has been made.  Church of Scientology of Cal.,

25  520 F.2d at 821; see also Gilleran, 992 F.2d at 233.[1]

26  _____

27  [1]   The Fifth Circuit has also discussed the procedure to be
    followed in summons enforcement proceedings:

28

                                -5-

1    "'The taxpayer must allege specific facts and evidence to

2    support his allegations' of bad faith or improper purpose."

3    <u>Crystal</u>, 172 F.3d at 1144, <u>quoting</u>, <u>Jose</u>, 131 F.3d at 1328, <u>and</u>

4    <u>Liberty Fin. Servs.</u>, 778 F.2d at 1392.  A party opposing the

5    summons must be able to come forward with at least "a minimal

6    amount of evidence just to entitle him or her to an evidentiary

7    hearing."  <u>Stuckey</u>, 646 F.2d at 1372.  If no substantial

8    challenge to the validity of the summons is made in a sworn

9    affidavit or declaration alleging specific facts,[2] the matter

10   should be decided on the pleadings before the district court with

11   no further proceedings, the summons should be enforced and the

12   IRS should be allowed to obtain the summoned testimony and

13   records.  <u>Liberty Fin. Servs.</u>, 778 F.2d at 1392-93; <u>Stuckey</u>, 646

14   F.2d at 1372-76.  "Enforcement of a summons is generally a

15   summary proceeding to which a taxpayer [or summoned party] has

16   few defenses."  <u>Derr</u>, 968 F.2d at 945; <u>accord</u>, <u>Crystal</u>, 172 F.3d

17   at 1144.

18

19   ────────────────────

20       "To ascertain whether there is any basis for questioning the
         summons, the traditional show cause order is an effective
21       and appropriate procedural tool.  Indeed, it harmonizes
         procedure with the substantive principle that puts the
22       burden on the summoned party 'of showing an abuse of the
         court's process.'  <u>Powell</u>.  In no way does its use extinguish
23       the adversary proceeding which the decisions call for.
         Rather it is a principal means by which the enforcing Court
24       can determine whether there is anything to 'hear' and if so
         to give proper scope and direction to an orderly, but
25       expeditious, adjudication of the points in controversy."

26   <u>United States v. Newman</u>, 441 F.2d 165, 169 (5th Cir. 1971).

27   [2]    This Court may "allow limited discovery only if the taxpayer
         can make a substantial preliminary showing of abuse or
28       wrongdoing."  <u>Stuckey</u>, 646 F.2d at 1374.

1    Based on these authorities, the filing of the instant

2 petition to enforce the IRS summons and the supporting

3 declaration of the issuing IRS agent, establish the government's

4 prima facie case for enforcement of the summons.  As attested to

5 in the declaration of the Revenue Officer Hubbard, who issued the

6 subject summons, the IRS is conducting an investigation into the

7 collection of federal tax liabilities of Tommy S. Rubin for the

8 taxable periods ending December 31, 2004, December 31, 2005,

9 December 31, 2006 and December 31, 2007, inclusive.  As further

10 attested by the Revenue Officer Hubbard in the supporting

11 declaration, the information sought by the summons may be

12 relevant to that purpose, the IRS does not already have

13 possession of the information sought, and the administrative

14 steps required by the Internal Revenue Code for issuance and

15 service of the summons were followed.

16    Accordingly, the Court should issue an order directing the

17 respondent, Tommy S. Rubin, to show cause why the summons should

18 not be enforced.

19

20 //

21 //

22 //

23 //

24 //

25 //

26 //

27 //

28 //

-7-

1    If the respondent fails to respond to or rebut the

2 government's _prima facie_ case for enforcement, the Court should

3 later issue an order enforcing the summons, and compelling the

4 respondent to appear before the Internal Revenue Service to

5 testify, produce books, records and other data, as directed by

6 the summons.

7                          Respectfully submitted,
                           ANDRÉ BIROTTE JR.
8                          United States Attorney

9                          SANDRA R. BROWN
                           Assistant United States Attorney
10                         Chief, Tax Division

11

12 DATED: March 9, 2012     _Paul Rochmes_____

13                         PAUL H. ROCHMES
                           Assistant United States Attorney
14                         Attorneys for United States of America

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION IN SUPPORT OF PETITION TO
## ENFORCE INTERNAL REVENUE SERVICE SUMMONS
### Summoned Party: Tommy S. Rubin
### Taxpayer: Tommy S. Rubin

I, J. Hubbard, pursuant to 28 U.S.C. § 1746(2), declare as follows:

1.   I am over eighteen years of age, and I am not a party in the government's federal court case to enforce the subject summons.

2.   My name as used and signed in the subject summons and this declaration is not a pseudonym.

3.   I am employed as a Revenue Officer in the California Area, Laguna Niguel Territory, Small Business/Self-Employed Division, of the Internal Revenue Service ("IRS"). I am authorized to issue IRS summonses under the authority of § 7602 of the Internal Revenue Code of 1986, 26 U.S.C. ("IRC" and "the Code"). *See* Treasury Regulations, § 301.7602-1, 26 C.F.R.; IRS Delegation Order No. 4 (as revised).

4.   As a revenue officer, my duties include the collection and investigation of federal income tax returns and other information, excise, or specialty returns that have been filed or should have been filed by individual and business taxpayers, including corporations, partnerships, and fiduciaries, in order to assist the IRS in determining the taxpayer's correct tax liability, and in cases where the required tax returns are not filed, I also assist the IRS in investigating whether such tax returns should have been filed and determining the taxpayer's correct tax liability.

5.   In my capacity as a Revenue Officer, I have been conducting

-1-

1  an investigation into the collection of federal tax liabilities

2  of Tommy S. Rubin (the "taxpayer," "summoned party," and

3  "Respondent") for the taxable years ended December 31, 2004,

4  December 31, 2005, December 31, 2006, and December 31, 2007,

5  also referred to as the calendar years 2004, 2005, 2006 and

6  2007, and as the tax years 2004, 2005, 2006, and 2007 ("subject

7  taxable periods" and "subject tax periods").

8  6.   The purpose of the investigation is the determination and

9  collection of the correct federal tax liabilities of Tommy S.

10 Rubin.

11 7.   As of the date of this declaration, I have not made any of

12 the final determinations referred to in the immediately

13 preceding paragraph.

14 8.   On October 24, 2011, in furtherance of the above-referenced

15 investigation and in accordance with IRC § 7602, I issued an

16 Collection Information Statement summons, IRS Form 6637, to

17 Tommy S. Rubin, to appear on November 29, 2011, before the IRS

18 to give testimony and to produce for examination documents,

19 records, and other information as described in the IRS summons.

20 A copy of the summons is attached hereto as **Exhibit 1.**

21 9.   On October 27, 2011, I served an attested duplicate

22 original copy of the IRS summons described in the immediately

23 preceding paragraph on Tommy S. Rubin, which I accomplished by

24 handing the attested duplicate original copy of the summons to

25 Rachel Rubin, the summoned party's wife, at the last and usual

26 place of abode of the summoned party.  A copy of a certificate

27 of service is attached hereto as **page 2 of Exhibit 1.**

28 10.  On November 29, 2011, the summoned party failed to appear

-2-

1  before the IRS in response to the summons, although the summons

2  directed the summoned party to so appear before the IRS.  The

3  summoned party has not appeared before the IRS in response to

4  the summons, and the summoned party has not produced the

5  documents, records, and other information described in the

6  summons.  The summoned party has not otherwise provided the

7  summoned information.  The summoned party's failure to comply

8  with the summons continues to the date of this declaration.

9  11.  On February 16, 2012, the Office of Chief Counsel of the

10  IRS mailed the summoned party a "last chance letter" at his last

11  and usual place of abode, directing him to appear before me on

12  March 6, 2012 and to produce the books, records and documents

13  called for in the summons.  The summoned party failed to appear

14  on March 6, 2012 or to produce any of the books, records, or

15  other documents called for in the summons.  A copy of the "last

16  chance letter" is attached hereto as **Exhibit 2**.

17  12.  All administrative steps required by the Internal Revenue

18  Code in connection with the issuance and service of the IRS

19  summons have been taken.

20  13.  The documents, records, and other information sought by the

21  IRS summons are not in the possession of the IRS.

22  14.  The testimony and the documents, records, and other

23  information demanded by the IRS summons are necessary for the

24  determination and collection of the correct federal income tax

25  liabilities of Tommy S. Rubin for the subject tax periods.

26  15.  No recommendation for criminal prosecution of the taxpayer

27  has been made by the IRS to the United States Department of

28  Justice.  In addition, no Department of Justice referral, as

1 | described in IRC § 7602(d), is in effect with respect to the

2 | taxpayer.

3 |     I declare under penalty of perjury that the foregoing is

4 | true and correct.

5

6 | DATED: *March 06, 2012*       *J. Hubbard*

                                             J. Hubbard

7 |                                              Revenue Officer

                                             Internal Revenue Service

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Summons

## Collection Information Statement

**In the matter of**  TOMMY S RUBIN, ▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓
**Internal Revenue Service** *(Identify Division)*  SMALL BUSINESS/SELF EMPLOYED
**Industry/Area** *(Identify by number or name)*  SB/SE AREA 7 (27)
**Periods:**  Form 1040 for the calendar periods ending December 31, 2004, December 31, 2005, December 31, 2006 and December 31, 2007

### The Commissioner of Internal Revenue

**To:**  TOMMY S RUBIN
**At:** ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

You are hereby summoned and required to appear before J. HUBBARD, an Internal Revenue Service (IRS) officer, to give testimony and to bring for examination the following information related to the collection of the tax liability of the person identified above for the periods shown:

All documents and records you possess or control regarding assets, liabilities, or accounts held in the taxpayer's name or for the taxpayer's benefit which the taxpayer wholly or partially owns, or in which the taxpayer has a security interest.  These records and documents include but are not limited to: all bank statements, checkbooks, canceled checks, saving account passbooks, records or certificates of deposit for the period:

From  01/01/2004  To Present

Also include all current vehicle registration certificates, deeds or contracts regarding real property, stocks and bonds, accounts, notes and judgments receivable, and all life or health insurance policies.

IRS will use this information to prepare a Collection Information Statement.  We have attached a blank statement to guide you in producing the necessary documents and records.

## Do not write in this space

## Attestation

I hereby certify that I have examined and compared this copy of the summons with the original and that it is a true and correct copy of the original.

| | |
|---|---|
| *(signature)* | **REVENUE OFFICER, 0841002** |
| Signature of IRS Official Serving the Summons | Title |

**Business address and telephone number of IRS officer before whom you are to appear:**

24000 AVILA ROAD,  LAGUNA NIGUEL,  CA  92677-3405  (949) 389-4237

**Place and time for appearance at:**  24000 AVILA ROAD,  3RD FLOOR RM 3202 M/S 5108 2408,  LAGUNA NIGUEL,  CA  92677-3405

**IRS**

Department of the Treasury
Internal Revenue Service
www.irs.gov

Form 6637 (Rev.10-2010)
Catalog Number 25000Q

on the  29th  day of  November ,  2011  at  3:00  o'clock_p_m.

Issued under authority of the Internal Revenue Code this 24th  day of October ,  2011

| | |
|---|---|
| J. HUBBARD  *(signature)* | **REVENUE OFFICER** |
| Signature of Issuing Officer | Title |
| *(signature)* | |
| Signature of Approving Officer *(if applicable)* | Title |

**EXHIBIT** I.P.I

**Part A -- to be given to person summoned**



# Certificate of
# Service of Summons

(Pursuant to section 7603, Internal Revenue Code)

I certify that I served the summons shown on the front of this form on:

| Date | Time |
|------|------|
| *October 27, 2011* | *4:00 PM* |

**How**    ☐    I handed an attested copy of the summons to the person to whom it was directed.

**Summons**

**Was**    ☒    I left an attested copy of the summons at the last and usual place of abode of the person to whom it was directed. I left the copy with the following person *(if any)*.

**Served**    *Rachel Pearce*

| Signature | Title |
|-----------|-------|
| *J Willard* | *Revenue Officer* |

I certify that the copy of the summons served contained the required certification.

| Signature | Title |
|-----------|-------|
| *J Willard* | *Revenue Officer* |

EXHIBIT 1, p. 2

Catalog No. 25000Q             Form **6637** (Rev. 10-2010)

**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
OFFICE OF CHIEF COUNSEL
SMALL BUSINESS/SELF-EMPLOYED DIVISION COUNSEL
24000 AVILA ROAD, SUITE 4404
MAIL STOP 8800
LAGUNA NIGUEL, CA 92677
(949) 360-2681
FAX (949) 360-2675

FEB 1 6 2012

CC:SB:8:LN:2:GL-149770-11
PSTemple

Tommy S. Rubin
~~████████████████~~

Dear Mr. Rubin:

The Area Director of Internal Revenue has notified our
office that you did not comply with the provisions of the summons
served on you on October 27, 2011. Under the terms of the
summons, you were required to appear before Revenue Officer J.
Hubbard on November 29, 2011.

Legal proceedings may be brought against you in the United
States District Court for not complying with the summons. To
avoid such proceedings, you are to appear before Revenue Officer:

            Name: J. Hubbard
            Date: March 6, 2012
            Time: 10:00 AM
         Address: Third Floor, Room 3202
                  24000 Avila Road
                  Laguna Niguel, CA

Any books, records or other documents called for in the
summons should be produced at that time. If you have any
questions, please contact Revenue Officer Hubbard at (949) 389-
4237.

                        Sincerely,

                        MILES D. FRIEDMAN
                        Associate Area Counsel
                        (Small Business/Self-Employed)
                        T.C. Bar No. FM0260

cc: R. Hubbard, Revenue Officer, Laguna Niguel


EXHIBIT 2

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Josephine Tucker and the assigned discovery Magistrate Judge is Robert N. Block.

The case number on all documents filed with the Court should read as follows:

## SACV12- 746 JST (RNBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [X] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| UNITED STATES OF AMERICA | TOMMY S. RUBIN |

**(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases): | County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only): ORANGE COUNTY

**(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
United States Attorney Office
PAUL ROCHMES, AUSA
300 N. Los Angeles Street Room 7211, LA CA 90012
Tel: (213) 894-2413 Fax (213) 894-0115

Attorneys (If Known)

ORIGINAL

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in this State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No       ☐ MONEY DEMANDED IN COMPLAINT: $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Pursuant to sections 7402(b) and 7604(a) of the Internal Revenue Code, 26 U.S.C.

**VII. NATURE OF SUIT** (Place an X in one box only.)

OTHER STATUTES
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities /Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

CONTRACT
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise
REAL PROPERTY
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

TORTS PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☐ 365 Personal Injury-Product Liability
☐ 368 Asbestos Personal Injury Product Liability

TORTS PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability
BANKRUPTCY
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157
CIVIL RIGHTS
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 445 American with Disabilities - Employment
☐ 446 American with Disabilities - Other
☐ 440 Other Civil Rights

PRISONER PETITIONS
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/ Other
☐ 550 Civil Rights
☐ 555 Prison Condition
FORFEITURE / PENALTY
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety /Health
☐ 690 Other

LABOR
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act
PROPERTY RIGHTS
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark
SOCIAL SECURITY
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))
FEDERAL TAX SUITS
☒ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s):

FOR OFFICE USE ONLY: Case Number: **SACV12 746**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

AFTER CQMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case? ☐ No ☑ Yes

If yes, list case number(s): US V. RACHEL RUBIN (BEING FILED CONCURRENTLY ; US V RACHEL RUBIN CV 11-8858

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply) ☑ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)
☑ Check here if the U.S. government, its agencies or employees is a named plaintiff.

LOS ANGELES COUNTY

List the California County, or State if other than California, in which **EACH** named defendant resides. (Use an additional sheet if necessary).
☑ Check here if the U.S. government, its agencies or employees is a named defendant.

ORANGE COUNTY

List the California County, or State if other than California, in which **EACH** claim arose. (Use an additional sheet if necessary)
**Note:** In land condemnation cases, use the location of the tract of land involved.

ORANGE COUNTY

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** *Paul Rochmes* Date 05/09/12

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |